**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MADHUSUDHANA KONDRAGUNTA and LAVANYA ATHURI, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>ACE DORAN HAULING & RIGGING CO. and DANNY TERRY,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:11-CV-1094-JEC |

## **QUALIFIED PROTECTIVE ORDER**

This matter comes before this Court on Defendants' Joint Motion for a Qualified Protective Order. Having considered Defendants' Motion, all responsive pleadings, and all matters of record, the Court hereby GRANTS Defendants' Motion, as follows:

IT IS HEREBY ORDERED that Defendant and/or Defendant's counsel are hereby permitted to obtain Madhusudhana Kondragunta's medical records and engage in *ex parte* communications with Mr. Kondragunta's healthcare providers for purposes of this litigation only. This Order applies to the healthcare providers listed in Appendix A and the medical condition(s) at issue in the litigation listed in Appendix B. Mr. Kondragunta's healthcare providers are **ONLY** permitted to discuss "information [that] is relevant to the medical condition[s] the litigant has

4817-1742-7982.1

placed in issue in the legal proceeding."[1] "Relevant" information is <u>strictly</u> limited to Plaintiff's protected health information (PHI), including any past, present, or future care and treatment of Plaintiff's medical condition(s) which is at issue in this proceeding as set forth in Appendix B. **This Court notes, however, that Plaintiff's treating healthcare providers are not required to engage in *ex parte* communications with Defendant and/or Defendant's counsel, but they may do so at their own choosing.**

Defendant and Defendant's counsel may only interview Plaintiff's treating medical providers identified by name or reference in Plaintiff's medical records and only after Defendant has obtained those medical records via a request for records pursuant to Federal Rule of Civil Procedure 34 or from Mr. Kondragunta's counsel.

IT FURTHER HEREBY ORDERED, pursuant to HIPAA[2] and <u>Baker</u>, *supra*, that:

- Defendant and Defendants' counsel are forbidden from using or disclosing Mr. Kondragunta's protected health information for any purpose other than this litigation.

- Defendant and Defendants' counsel shall return any protected health information to the physicians and other healthcare providers or destroy the

---

[1] See <u>Baker v. Wellstar Health Systems, Inc.</u>, S10A0994 (Decided November 1, 2010).

[2] The Health Insurance Portability and Accountability Act of 1996 is commonly referred to as HIPAA.

protected health information, including all copies made, at the end of this litigation.

- The identities of the healthcare providers that may be interviewed by Defendants' counsel are limited to those treating medical providers identified by name or reference in Plaintiff's medical records and only after Defendants have obtained those medical records via either: 1) a request for records pursuant to Federal Rule of Civil Procedure 34; or 2) production of records to Defendant by Plaintiff. A list of these providers is set forth in Appendix A.

- The medical condition(s) at issue in the litigation regarding which the health care provider(s) may be interviewed are limited to those "relevant" issues described above in this Order.

- By receipt of a copy of this Qualified Protective Order, the medical provider to be interviewed shall be made aware of the fact that the **interview is at the request of the defendant, not the patient-plaintiff, and is for the purpose of assisting defense counsel in the litigation**.

- By receipt of a copy of this Qualified Protective Order, the medical provider to be interviewed shall be made aware of the fact that **the health care provider's participation in the interview is voluntary**.

IT IS FURTHER ORDERED that Plaintiffs and Plaintiffs' counsel are prohibited from attempting to thwart or otherwise discourage Ms. Bowen's medical providers from participating in such meetings with Defendants' counsel.

SO ORDERED this _____ day of February, 2012.

_____
The Honorable Julie E. Carnes
Chief Judge, United States District Court
Northern District, Atlanta Division

Tendered by:

Brantley C. Rowlen
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309
404.348.8585
404.467.8845 (fax)

# Appendix A

1. Gary F. Bouloux, M.D.
   Emory Division of Oral Surgery

2. Shahrokh Bagheri, M.D.
   Georgia Oral & Facial Surgery

3. Donald Langenbeck, M.D.
   Peachtree Orthopaedic Clinic

4. Hal Silcox, M.D.
   Peachtree Orthopaedic Clinic

5. Lee Kelley, M.D.
   Peachtree Orthopaedic Clinic

4817-1742-7982.1

## Appendix B

1. Pain management

2. Back, thoracic and/or neck, pain, prognosis, etiology and treatment of same

3. Temporomandibular joint disorder, treatment, etiology and prognosis of same

4. Prescriptions for treatment of the above conditions