Case 1:11-cv-01094-JEC   Document 78   Filed 03/07/12   Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MADHUSUDHANA KONDRAGUNTA and LAVANYA ATHURI, *husband and wife*,<br><br>    Plaintiff,<br><br>v.<br><br>ACE DORAN HAULING & RIGGING CO. and DANNY TERRY,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:11-cv-01094-JEC-RGV |

## QUALIFIED PROTECTIVE ORDER

Defendants Ace Doran Hauling & Rigging Co. and Danny Terry ("defendants") having moved for a qualified protective order, [Doc. 55], allowing defendants' counsel to obtain medical records from and have *ex parte* communication with certain healthcare providers who have treated plaintiff Madhusudhana Kondragunta ("plaintiff") for medical conditions at issue in this litigation, and the motion having been GRANTED,

**IT IS HEREBY ORDERED** that defendants, through their counsel, may have *ex parte* communications with the following healthcare providers: Gary F. Bouloux, M.D., Emory Division of Oral Surgery; Shahrokh Bagheri, M.D., Georgia Oral & Facial Surgery; Donald Langenbeck, M.D., Peachtree Orthopaedic Clinic; Hal Silcox, M.D., Peachtree Orthopaedic Clinic; and Lee Kelley, M.D., Peachtree Orthopaedic

Clinic, regarding the following medical conditions of plaintiff that have been placed at issue in this litigation: pain management; back, thoracic and/or neck pain, prognosis, etiology, and treatment of same; temporomandibular joint disorder, treatment, etiology, and prognosis of same; and prescriptions for treatment of the foregoing conditions.  The healthcare provider is only permitted to discuss information that is relevant to past, present, and future care and treatment of the specific medical conditions of plaintiff described in this paragraph.  **The healthcare providers are not required to engage in *ex parte* communications with defendants' counsel by virtue of this order, and their participation in any such communication is voluntary.**

**IT IS FURTHER ORDERED** that prior to having any *ex parte* communication with a healthcare provider listed in the preceding paragraph, defendants' counsel shall provide a copy of this order to the healthcare provider which shall serve to advise the healthcare provider that the communication is at the request of the defendants, not the plaintiff, and is for the purpose of assisting defendants' counsel in this litigation.

**IT IS FURTHER ORDERED** that defendants and their counsel are forbidden from using or disclosing plaintiff's protected health information for any purpose other than this litigation, and defendants and their counsel shall return any of

plaintiff's protected health information to the appropriate healthcare provider or destroy the protected health information, including all copies made, at the end of this litigation.

    **IT IS SO ORDERED**, this 7th day of March, 2012.

                                              */s/ Russell G. Vineyard*
                                        RUSSELL G. VINEYARD
                                        UNITED STATES MAGISTRATE JUDGE